UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEVEN H. LUCORE, SR., JUDY L. LUCORE,

Plaintiffs,

v.

US BANK, NA, as Trustee for the Certificate Holders of Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H,

Defendant.

Case No.: 15-CV-2246 JLS (MDD)

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS;
(2) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' SECOND AMENDED COMPLAINT;
(3) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE; AND
(4) GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

(ECF Nos. 41, 46)

Presently before the Court is Defendant U.S. Bank's Motion to Dismiss Plaintiffs' Second Amended Complaint, ("MTD," ECF No. 41). Additionally, Defendant filed a Request for Judicial Notice ("RJN"), (ECF No. 42). Also before the Court is Plaintiffs Steven H. Lucore and Judy L. Lucore's Opposition[1] to, ("Lucore Opp'n," ECF No. 44),

---

[1] Plaintiffs also appended a Request for Judicial Notice as part of their Opposition. The Court discusses this request in conjunction with Defendant's RJN.

the Motion to Dismiss.  Defendant did not file a reply brief.

The Court vacated the hearing for Defendant's MTD and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (ECF No. 45.) After the Court vacated the hearing, Plaintiffs filed a Motion to File a Third Amended Complaint, ("MTN," ECF No. 46).  Defendant filed an Opposition to, ("U.S. Bank Opp'n," ECF No. 48), and Plaintiffs filed a Reply in support of, ("Reply," ECF No. 54), the motion to amend.  Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's MTD (ECF No. 41), **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Second Amended Complaint, ("SAC," ECF No. 40), and **GRANTS** Defendant's RJN (ECF No. 42).  The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' RJN, (ECF No. 44).  Additionally, the Court **GRANTS** Plaintiffs' Motion to File a Third Amended Complaint, (ECF No. 46).

## BACKGROUND

On or around January 6, 2009, Plaintiffs allegedly rescinded a mortgage loan encumbering real property located at 11132 Summit Avenue, Santee, CA 92071 (the Property).  (SAC ¶ 7.)  Defendant foreclosed the Property on August 18, 2011, (*id.* ¶ 11), and pursued three eviction proceedings in state court against Plaintiffs in February 2013, (*id.* ¶ 12), and in April and June 2015, (*id.* ¶¶ 13–14).  All eviction cases have been dismissed.  (*Id.* ¶¶ 11–13.)  Defendant has threatened to sell the Property since August 21, 2015.  (*Id.* ¶ 15.)

On October 8, 2015, Plaintiffs filed a complaint alleging two causes of action for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and violation of California's Unfair Competition Law ("UCL") § 17200, (ECF No. 1).  On October 26, 2015, Plaintiffs filed an amended complaint alleging the same causes of action as their original complaint.  (ECF No. 7.)  Defendant filed a motion to dismiss or, alternatively, to stay the proceedings pending the outcome of related state court litigation.  (ECF No. 9.) After this action was transferred from Judge Roger T. Benitez to this Court pursuant to the low number rule, (ECF No. 15), the Court stayed the proceedings pending the outcome of

state court litigation, (ECF No. 24). The Court lifted the stay on August 14, 2017, (ECF No. 39). Then, Plaintiffs' filed their Second Amended Complaint, ("SAC," ECF No. 40). The parties then filed the present motions.

## MOTION TO DISMISS

## I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true

"legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## II.    Analysis

### A. *Request for Judicial Notice*

Defendant requests the Court take judicial notice of various state court actions associated with the Property and Plaintiffs. (*See* ECF No. 42.) The request is unopposed.

Under Federal Rule of Evidence 201, the court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, a court also may take judicial notice of material incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Documents are incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement*, 593 F.3d at 1038; *see also United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

The court records submitted by Defendant support its contention that Plaintiffs' claims are barred by res judicata. A court may take judicial notice of its own files and of documents filed in other courts for the purpose of determining whether a party's claims are

barred by res judicata. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). Here, the Court must consider whether Plaintiffs' claims are barred by res judicata and, in the context of Plaintiffs' Motion to Amend, (ECF No. 46), whether amending to add a defendant would also be barred under res judicata. Therefore, the Court **GRANTS** Defendant's Request for Judicial Notice, (ECF No. 42).

Plaintiffs also submitted a RJN as part of their Opposition. (*See* Opp'n 11.) Plaintiffs request the Court notice state court documents related to the unlawful detainer action filed by Defendant against Plaintiffs in state court, the Supreme Court's opinion in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), and an opinion from the federal district in the District of Oregon. (*See* Opp'n 14.) Plaintiffs' request is unopposed.

It is well established that that courts may consider legal reasoning and conclusions of other federal courts without resort to Rule 201. *See, e.g.*, *Derum v. Saks & Co.*, 95 F. Supp. 3d 1221, 1224 (S.D. Cal. 2015) (citing *McVey v. McVey*, 26 F. Supp. 3d 980, 984–85 (C.D. Cal. 2014)). Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Request for Judicial Notice. The Court grants the request with respect to documents relating to the unlawful detainer action. The Court denies the request with respect to the legal opinions. The Court will consider the legal opinions for any value they might have as precedent.

### B. Res Judicata

Defendant argues that res judicata bars Plaintiffs' claims. (MTD 4.) The doctrine of res judicata gives conclusive effect to former judgment in subsequent litigation involving the same controversy. *People v. Barragan*, 32 Cal. 4th 236, 252 (2004). Res judicata has two aspects: claim preclusion and collateral estoppel. "Claim preclusion, the 'primary aspect' of res judicata, acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties. Issue preclusion, the 'secondary aspect' historically called collateral estoppel, describes the bar on relitigating issues that were

argued and decided in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824, (2015) (internal quotation marks omitted) (quoting *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010)). "It has long been established that [28 U.S.C.] § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982); *see also In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994) ("In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel.").

In California, the elements for applying claim preclusion to a second suit are: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings*, 61 Cal. 4th at 824 (citing, e.g., *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002)). "If claim preclusion is established, it operates to bar relitigation of the claim altogether." *Id.*

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the primary rights theory.'" *Id.* (quoting *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975)). Under the primary rights theory, "[a] cause of action arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." *Id.* at 797–98 (quoting *McKee v. Dodd*, 152 Cal. 637, 641 (1908)). In the context of res judicata, "a cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.* (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 860 (1993)).

"California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that *could have been litigated*." *Castle v. Mortgage Elec. Registration Sys., Inc.*, No. CV 11–00538, 2011 WL 3626560, at *4 (C.D. Cal. Aug. 16, 2011) (emphasis added) (citing *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir.1993)).

Additionally, "res judicata operates as a bar to the maintenance of a second suit between the same parties or parties in privity with them on them on the same cause of action." *Rice v. Crow*, 81 Cal. App. 4th 725, 734 (Ct. App. 2000) (emphasis omitted) (quoting *Branson v. Sun-Diamond Growers*, 24 Cal. App. 4th 327, 340 (Ct. App. 1994)). The Court applies California's claim preclusion standard.

### 1. Identity of Claims

The first element requires determining whether two causes of action are the same, using the primary rights theory. *See DKN Holdings*, 61 Cal. 4th at 824. The Court first examines the previously litigated primary right. Then, the Court will examine the primary right at issue in this litigation to determine whether the primary rights are the same. The Court concludes by examining the primary rights at issue in Plaintiffs' declaratory relief cause of action.

### a. Previously Litigated Primary Right

The Court recites the following facts taken from the California Court of Appeal's unpublished decision in *Lucore v. U.S. Bank, N.A.*, No. D070103, 2017 WL 694530 (Cal. Ct. App. Feb. 22, 2017) (unpublished decision).[2] In November 2010, Plaintiffs filed a verified complaint in San Diego Superior Court against U.S. Bank, Recontrust, BAC Home Loans Servicing, LP, and other individuals ("First State Court Action"). *Id.* at *2. They alleged causes of action seeking to prevent a foreclosure sale and quiet title to the Property. *Id.* Plaintiffs alleged that the notice of default on their mortgage was void because the assignment/substitution of trustee was recorded after filing of the notice of default. *Id.*

The trial court sustained the defendant's demurrer without leave to amend and entered judgment in favor of the defendants. *Id.* The trial court found that Plaintiffs' complaint failed as a matter of law because it was predicated on an erroneous allegation that Mortgage Electronic Registration Systems, Inc. ("MERS," the entity that was the

---

[2] Defendant's RJN does not include the filings from the First and Second State Court Actions, but the RJN does include the California Court of Appeal's decision in Lucore v. U.S. Bank.

original beneficiary of Plaintiffs' Deed of Trust) did not have the authority to substitute trustees and assign the deed of trust to a new trustee. The court ruled that MERS had the authority under California law to substitute trustees and, further, that the recorded documents were valid. *Id.* In May 2011, a Notice of Trustee's Sale was recorded and on August 18, 2011 Defendant purchased Property at the foreclosure sale. *Id.*

In June 2012, Plaintiffs filed an adversary proceeding against the same defendants, including U.S. Bank, in the Southern District of California Bankruptcy Court ("Bankruptcy Action"). *Id.* They asserted various claims including mortgage fraud, breach of contract, fraudulent documentation recordation, and other violations of law. *Id.* The bankruptcy court dismissed Plaintiffs' adversary complaint without leave to amend. *Id.*

In October 2013, Plaintiffs filed a complaint in San Diego Superior Court ("Second State Court Action"). *Id.* They alleged several causes of action including wrongful foreclosure, quiet title, declaratory relief, unfair business practices, and cancellation of instruments against the same defendants, including U.S. Bank. *Id.* Plaintiffs argued that flaws in the securitization process meant that U.S. Bank was an improper party to the foreclosure sale. They also argued several recording documents were invalid due to improper signatures. *Id.* The defendants demurred arguing that Plaintiffs' First State Court Action and the Bankruptcy Action involved the same facts and theories and the final judgments in both those actions were entitled to preclusive effect. *Id.* The trial court found that Plaintiffs' claims were barred by res judicata and collateral estoppel. *Id.* Plaintiffs appealed to the California Court of Appeal.

The Court of Appeal affirmed the trial court's judgment and concluded that the Second State Court Action concerned the same primary rights litigated in the First State Court Action. *Id.* The court affirmed the trial court on the grounds that res judicata as to the First State Court Action was proper, but did not reach the issue of whether the Bankruptcy Action also barred the Second State Court Action. *Id.*

In September 2015, Plaintiffs filed a complaint in San Diego Superior Court against U.S. Bank, Recontrust, and added a new defendant, Home Servicing ("Third State Court

Action"). *Id.* at *3. This action challenged the August 2011 foreclosure sale and asserted causes of action for wrongful foreclosure, quiet title, and cancellation of instruments. *Id.* Plaintiffs alleged that the foreclosure sale was invalid because Plaintiffs timely rescinded the mortgage note under the Truth in Lending Act. *Id.* The trial court sustained the defendants' demurrer without leave to amend on res judicata grounds. *Id.*

Plaintiffs appealed to the Court of Appeal, as they did in the Second State Court Action. The court affirmed the trial court judgment because the causes of action in the Second and Third Actions involved the same primary right. *Id.* at *4. In both cases, Plaintiffs sought to recover for the loss of title to their home resulting from nonjudicial foreclosure. The only difference between the two actions was "the assertion of a new legal theory as a basis for invalidating the sale and the loan/title documents." *Id.* The court described the different legal theories as follows: in the First and Second State Court Actions Plaintiffs argued that the securitization and alleged invalid assignments resulted in wrongful foreclosure. In the Third State Court Action, Plaintiffs argued their purported rescission, authorized by the Truth in Lending Act, invalidated their Deed of Trust, resulting in a wrongful foreclosure sale. *Id.* The difference in legal theories did not affect the applicability of res judicata. *Id.* (citing *Gillies v. JPMorgan Chase Bank, N.A.*, 7 Cal. App. 5th 907, 914 (Ct. App. 2017) ("It matters not that appellant has a new theory of wrongful foreclosure. It is the same primary right which appellant has always claimed.")

The Court of Appeal also refused Plaintiffs' request to revisit its previous decision that the Second State Court Action was barred by the judgment in the First State Court Action. *Id.* The court noted that a "judgment[,] having become final . . . in conclusive, whether matter was rightly or wrongly decided, as to all matters presented or which [c]ould have been presented." *Id.* (alterations in original) (quoting *Creditors Adjustment Co. v. Newman*, 185 Cal. 509, 513 (1921)). The court concluded that the trial court in the Second State Court Action properly had jurisdiction over the parties and the subject matter, the judgment was final, and therefore, could not be collaterally attacked. *Id.* Res judicata barred Plaintiffs' Third State Court Action. *Id.* at *7.

b. Primary Right in Present Litigation

Here, Defendant argues that Plaintiffs' SAC involves the same primary right as the First State Court Action. (MTD 5.) The First Action alleged that U.S. Bank's foreclosure on the Property was void because the loan was rescinded. (*Id.*) In this action, Plaintiffs' SAC alleges that they rescinded their loan in January 2009. (*Id.* (citing SAC ¶ 9).) Thus, the foreclosure sale was void. (*Id.* (citing SAC ¶ 13).) Plaintiffs now seek to recover based on violations of the RFDCPA, UCL, and declaratory relief. (*See id.* (citing SAC ¶¶ 19–37).) Defendant argues these causes of action necessarily rely on the same predicate allegation: foreclosure on the Property was void. (*Id.*) Defendant urges the Court to find the predicate allegation to be the same primary right as previously litigated and therefore the SAC involves identical primary right. (*See id.* at 5–6.)

Plaintiffs counter that the primary rights at issue in this case and the prior state court actions are distinct. (Opp'n 7.) They characterize the previous actions as challenging Defendant's compliance with the non-judicial foreclosure statute. (*Id.*) This current action arises from Defendant's unlawful detainer actions, which sought to take possession of the Property acquired at the August 2011 foreclosure sale. (*Id.*) To date, Defendant has been unsuccessful in these actions. (*Id.*) Thus, Plaintiffs argue that the primary right at issue here arises from their possession interest in the Property—at issue in the unlawful detainer actions—and not from their ownership interest, which they concede is barred by res judicata. (*Id.* at 9.)

The issue here is whether Defendant's conduct in filing repeated unlawful detainer actions in state court gives rise to a separate primary right than was at issue in the previous litigation that would be barred by res judicata. The Court answers this question by first examining the right at issue in a nonjudicial foreclosure sale, second by examining the right at issue in an unlawful detainer action, and third by comparing the right in those actions to the primary right in this action.

California Civil Code section 2924 addresses the subject of non-judicial foreclosure of real property.

> [S]ections 2924 through 2924k provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust. This comprehensive statutory scheme has three purposes: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser. . . . As a general rule, the purchaser at a nonjudicial foreclosure sale receives title under a trustee's deed free and clear of any right, title, or interest of the trustor. A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender.

*Wells Fargo Bank v. Neilsen*, 178 Cal. App. 4th 602, 613–14 (Ct. App. 2009) (internal citations and quotations omitted) (quoting *Melendrez v. D & I Investment, Inc.*, 127 Cal. App. 4th 1238, 1249–50 (Ct. App. 2005)).

"California's unlawful detainer statutory scheme was designed to adjudicate the right to possession of realty between a landlord and tenant when the tenant is in violation of the lease." *In re Perl*, 811 F.3d 1120, 1128 (citing *Knowles v. Robinson*, 387 P.2d 833, 836–37 (Cal. 1963)). "The unlawful detainer provisions authorize a summary proceeding that adjudicates the right to immediate possession of the property." *Id.* (citing *Vella v. Hudgins*, 572 P.2d 28, 30 (Cal. 1977)). Thus, claims regarding title to the property are not generally litigated in an unlawful detainer action. *Id.* An exception to this rule is California Code of Civil Procedure section 1161a, which governs the right of possession by a party initiating an unlawful detainer proceeding after obtaining title at a nonjudicial foreclosure sale. *Id.* "The exception allows for 'a narrow and sharply focused examination of title.'" *Id.* (quoting *Vella*, 572 P.2d at 30; and citing *Mortg. Guarantee Co. v. Smith*, 50 P.2d 835, 836 (Cal. 1935) (noting that in actions brought under § 1161a, title is determined "as a necessary element of the remedy of unlawful detainer")). Section 1161a specifically applies "[w]here the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a

11

person under whom such person claims, and the title under the sale has been duly perfected." Cal. Code Civ. Proc. § 1161a(b)(3).

Here, Defendant filed an unlawful detainer action against Plaintiffs pursuant to section 1161a. (*See* Opp'n 568.) Defendant expressly alleged in its complaint that it had perfected legal title to the property by a foreclosure sale. (*Id.* at 570.) The Lucores, who were defendants in the unlawful detainer action, answered and pled the affirmative defense "[U.S. Bank] is not entitled to possession as the foreclosure sale was not duly conducted in compliance with Civil Code section 2924. The sale was void as a matter of law." (*Id.* at 587.) Therefore, the conduct of the foreclosure sale and the validity of the resulting transfer of title to U.S. Bank were directly at issue in the unlawful detainer case. The only legal basis that U.S. Bank could (and did) assert its right to possession of the Property was its "duly perfected" legal title obtained in the nonjudicial foreclosure sale. *See* Cal. Civ. Code § 2924; *Malkoski v. Option One Mortg. Corp.*, 188 Cal. App. 4th 968, 974 (Ct. App. 2010).

In the Third State Court Action, the California Court of Appeal described Plaintiffs' primary right as "recover[y] for the loss of title to their home resulting from the August 2011 nonjudicial foreclosure sale." *Lucore*, 2017 WL 694530, at *4. In the Third State Court Action, Plaintiffs' theory rested on the ability to rescind their Note under the Truth in Lending Act ("TILA"), resulting in a wrongful foreclosure sale and the loss of their home. *Id.* Here, Plaintiffs' legal theory is that they are not suing based on the wrongful foreclosure sale and loss of their home, but on Defendant's unlawful detainer action.

Plaintiffs allege violations of RFDCPA stemming from the unlawful detainer actions. (SAC ¶¶ 12–15.) The right to title had to be resolved in the unlawful detainer action. *Malkoski*, 188 Cal. App. 4th at 974 ("Under section 1161a, Code of Civil Procedure, a purchaser who has acquired the title at such trustee's sale must prove that the property was sold in accordance with section 2924 of the Civil Code under a power of sale and that title under the sale has been duly perfected. Under such unlawful detainer statutes title to the extent required by section 1161a not only may but *must* be tried. . . ." (quoting *Bliss v. Security-First Nat'l Bank*, 81 Cal. App. 2d 50, 58–59 (Ct. App. 1947))).

Plaintiffs' RFDCPA claim also rests on an allegation that Defendant threatened to sell the Property on the open market without the legal right to do so. (SAC ¶ 20.) The RFDCPA provides statutory recourse for certain threats made by debt collectors against debtors. *See* Cal. Civ. Code § 1788.10. Here, Plaintiffs allege Defendant's threats to sell the Property were without legal right to do so; the lack of legal right stemmed from the allegedly wrongful foreclosure on the Property. Put differently, Defendant could not sell or threaten to sell Plaintiffs' Property without title to the Property. Thus, the threat to sell also rests on the same primary right at issue in the unlawful detainer action and the previous state court action. The Court finds that Plaintiffs' RFDCPA claim ultimately rests on the same primary right as was asserted in the Third State Court Action.

Plaintiffs place emphasis on the fact that Defendant has been unsuccessful in its unlawful detainer action—Defendant has had three successive unlawful detainer actions dismissed. (Opp'n 7.) In May 2015, the Superior Court of San Diego entered judgment in favor of the Lucores because U.S. Bank did not provide evidence of the trustee's authority to conduct the foreclosure sale. (Opp'n 17.) This outcome does not reflect the nature of the primary right at issue. Regardless of the success or failure of U.S. Bank in prosecuting its unlawful detainer, it could not have legally brought the claim without litigating the same primary right litigated in the Third State Court Action.

c. Primary Right at Issue in Plaintiffs' Declaratory Relief Claim

The Court also finds that Plaintiffs' third cause of action for declaratory relief also relies on the same primary right as the Third State Court Action. Plaintiffs contend that they validly rescinded their Note and Deed of Trust and that no party could enforce the Note. (SAC ¶¶ 30–32.) This cause of action involves the same primary right at issue in the prior litigation: the right to recover their loss of title to their Property from the August 2011 non-judicial sale. The only difference in this litigation is that Plaintiffs advance a new legal theory based on violation of the federal Truth in Lending Act, 15 U.S.C. § 1635. Plaintiffs argue that the non-judicial foreclosure is invalid because of the TILA rescission. However, res judicata bars claims that could have been litigated in the prior proceeding.

*See Federal Home Loan Bank of S.F. v. Countrywide Fin. Corp.*, 214 Cal. App. 4th 1520, 1527 (Ct. App. 2013).  Plaintiffs allegedly rescinded their Note in January 2009; their first state court complaint was filed in November 2010.  Plaintiffs could have previously raised a TILA rescission claim, but failed to do so.

Moreover, Plaintiffs' advanced the exact same TILA rescission argument in the Third State Court Action.  *See Lucore*, 2017 WL 694530, at *4 ("In the Third Action, the Lucores argue their loan rescission means that the Deed of Trust was extinguished, resulting in a wrongful foreclosure sale and the loss of the home.  This difference in legal theories does not affect the applicability of the res judicata doctrine.").  The same reasoning and outcome applies here; Plaintiffs' declaratory relief claim involves the same primary right as previously litigated.  The foregoing conclusion is true even if the previous decision were erroneous.  *See Slater*, 15 Cal. 3d at 797 (citations omitted).

### 2. Identity of Parties

The second element requires that the prior suit be between the same parties or parties in privity with them.  *DKN Holdings*, 61 Cal. 4th at 824.  Here, both U.S. Bank and the Lucores were parties to all previous actions as well as the current litigation.  Therefore, they are the same parties.

### 3. Final Judgment on the Merits

The third element requires a final judgment on the merits.  *Id.*  A judgment obtained "after the sustain of a general demurrer on a ground of substance," including "that an absolute defense is disclosed by the allegations of the complaint," is "a judgment on the merits[] and conclusive in a subsequent suit."  *Goddard v. Security Tile Ins. & Guarantee Co.*, 14 Cal. 2d 47, 52 (1939).  In both the Second and Third State Court Actions, the defendants raised a complete defense of res judicata.  *See Lucore*, 2017 WL 694530, at *5–6.  The First State Court Action, the Bankruptcy Action, Second State Court Action, and Third State Court Action were all final judgments on the merits.  *See id.*  Plaintiffs appealed the Second and Third State Court Actions and both of those affirmed the superior court judgments.  The Court finds that all three elements for claim preclusion are met; therefore,

14

the Court finds that Plaintiffs' RFDCPA and declaratory relief claims are barred by claim preclusion.

### 4. Effect of Claim Preclusion on UCL Cause of Action

Plaintiffs' Unfair Competition Law ("UCL") cause of action expressly relies on a violation of the RFDCPA, (SAC ¶ 24 ("Defendant U.S. Bank's wrongful and egregious conduct in violation of RFDCPA is actionable under California Business & Professions Code [§] 17200.").), and does not allege an alternate grounds for relief. To the extent that claim preclusion bars relitigation of the RFDCPA claim it must also bar Plaintiffs' UCL.

### C. Plaintiffs' TILA Rescission

Defendant also argues, as an alternate grounds, that all causes of actions in the SAC are predicated on the fact that Plaintiffs validly rescinded their loan in January 2009. (MTD 6.) Defendant argues that Plaintiffs' SAC does not allege when the rescission notice was mailed, who the notice was mailed to, or a copy of the rescission notice. (*Id.* at 7.) Plaintiff does not respond to Defendant's argument about the TILA rescission in its Opposition.

The Court understands Defendant's points, but given the Court's claim preclusion finding, declines to reach the issue whether Plaintiffs' TILA rescission claims fail as a matter of law.[3]

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss, (ECF No. 41), and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' SAC, (ECF No. 40).

## MOTION TO AMEND

## I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

---

[3] The Court also notes that Plaintiffs' have, in fact, included their purported TILA rescission notice as part of their RJN. (*See* ECF No. 44, at 108–12.)

Fed. R. Civ. P. 15 (a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989)). Additionally, "the party opposing amendment has the burden of showing that amendment is not warranted." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 649–50 (W.D. Wash. 2015) (citing, e.g., *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

## II.  Analysis

Plaintiffs seek to add Bank of America, N.A., previously identified as one of the Doe Defendants. (MTN 2, ECF No. 46-1.) Plaintiffs' proposed third amended complaint would allege all previous causes of action against both U.S. Bank and Bank of America. Additionally, Plaintiffs' move to amend their SAC by adding two new causes of action: a malicious prosecution action and an intentional infliction of emotional distress claim against both U.S. Bank and Bank of America. (*Id.* at 17, 19.)

Defendant argues that Plaintiffs' amendment should be denied because such an amendment would be futile. (U.S. Bank Opp'n 3.) Specifically, Defendant argues that if the Court finds that Plaintiffs' Second Amended Complaint is barred by the doctrine of res judicata then adding a new defendant, under the same causes of action, would likewise be barred by res judicata. (*See id.* at 4.) Defendant also argues that the two additional causes

of action—malicious prosecution and intentional infliction of emotional distress—rely on the allegation that the non-judicial foreclosure of Plaintiffs' Property by U.S. Bank is void. (*Id.*) Thus, those causes of action would likewise be barred by res judicata.

Defendant also argues that Plaintiffs' motion is in bad faith because Plaintiffs have offered no justification why their present amendments could not have been raised in Plaintiffs' prior motion to amend. (*Id.* at 5–6.) Next, Defendant argues Plaintiffs' motion is an undue delay. According to Defendant, Plaintiffs knew Bank of America was their loan servicer and have sued them in the past. (*Id.* at 6.) Thus, Plaintiff presents no new facts, but rather new legal theories—these theories could have been raised in Plaintiffs' previous amendment. Finally, Defendant argues there is prejudice to it because Defendant will have to file a new motion to dismiss asserting the same arguments as the present motion to dismiss. (*Id.*)

In reply, Plaintiffs argue their proposed third amended complaint would not be barred by res judicata because their new causes of action have nothing to do with the Truth in Lending Act rescission or any res judicata matter concerning Plaintiffs' prior actions. (Reply 6.) Plaintiffs' new causes of action accrue "[a]s a direct result of the defendant's conduct." (*Id.*) Plaintiffs also argue that they uncovered the identity of the Doe defendant after the filing of the Second Amended Complaint, which obviates Defendant's bad faith and undue delay arguments. (*See id.* at 6–7.) Plaintiffs do not offer an argument whether Bank of America would be barred under res judicata as to the RFDCPA, UCL, and declaratory relief causes of action.

### A. *Proposed Party*

Plaintiffs seek to add Bank of America as a new defendant, previously identified in prior complaints as a "Doe 1 defendant." (MTN 2.) The Court first examines whether, sitting in diversity, Plaintiffs may add a new defendant.

"The general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is

15-CV-2246 JLS (MDD)

filed." *Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (Ct. App. 1999) (citations omitted). But, "[a] recognized exception to the general rule is the substitution under Section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint." *Id.* (citing Cal Code Civ. Proc. § 474). Where section 474 applies, "the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed." *Id.* (citing *Austin v. Mass. Bonding & Ins. Co.*, 56 Cal. 2d 596, 599 (1961)).

In the Ninth Circuit, there are conflicting precedents on the issue of whether a complaint naming Doe defendants defeats original diversity jurisdiction as a matter of law. One line of cases stems from *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 9871 (9th Cir. 1980),which held that the presence of Doe defendants destroys diversity jurisdiction. However, six years later the Ninth Circuit decided *Lindley v. General Electric Co.*, 780 F.2d 797, 800–01 (9th Cir. 1986), which held that California's Doe defendant statutes are substantive law and therefore federal courts must apply the statutes under the *Erie* doctrine. Other district courts have discussed at length the split in authority. *See, e.g.*, *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1032–35 (E.D. Cal. 2015). For purposes of the present amendment, this Court agrees that in light of *Lindley*, applying *Garter–Bare* runs contrary to the *Erie* doctrine, and Doe pleading does not necessarily defeat federal diversity under 28 U.S.C. § 1332. *Id.* at 1034. Therefore, Plaintiffs may add Bank of America as a new defendant under the California "Doe" statutes as long as doing so would not be futile.

Although leave to amend should be freely given, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (quoting *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal."). "[A] court may exercise its discretion to deny leave to amend where the amendment is

15-CV-2246 JLS (MDD)

duplicative of existing claims[ and] . . . may also look to the sufficiency of allegations in a proposed amended complaint to determine if they would be futile." *Gragossian v. Cardinal Health Inc.*, No. 07-CV-1818-H (LSP), 2008 WL 2157004, at *1 (S.D. Cal. May 21, 2008) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995); and *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650–51 (9th Cir. 1984)). The Court examines whether adding Bank of America would be futile.

Plaintiffs' SAC alleged causes of action sounding in RFDCPA, UCL, and declaratory relief. (*See generally* SAC.) The proposed third amended complaint would bring those same claims against Bank of America. Alleging claims that would be barred by res judicata is grounds to deny a motion to amend as futile. *See Aquino v. Cal. Reconveyance Co.*, No. 14–cv–1818–WHO, 2014 WL 5494446, at *5 (N.D. Cal. Oct. 30, 2014) (holding that amendment would be futile and denying motion for leave to amend where plaintiff's five causes of action were barred by res judicata).

*1. Whether Claim Preclusion Applies to Bar Suit Against Bank of America*

As previously stated, the claim preclusion aspect of res judicata applies to the relitigation of the same cause of action between the same parties or those in privity with them. *DKN Holdings*, 61 Cal. 4th at 824 (citations omitted). The Court previously found claim preclusion bars relitigation of Plaintiffs' first three causes of action, *see supra* p. 14; Plaintiffs proposed amendment does not allege any new facts or theories that would alter the Court's conclusion. The only question is whether Plaintiffs' proposed defendant and new claims are barred under either claim or issue preclusion. U.S. Bank argues it is in privity with Bank of America so claim preclusion would apply equally to Plaintiffs' proposed claims against Bank of America. The Court begins by examining whether claim preclusion would be appropriate; specifically, if there is privity between U.S. Bank and Bank of America.

"The concept of privity for the purposes of res judicata or collateral estoppel refers to a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal

rights and, more recently, to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify application of the doctrine of collateral estoppel." *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1069–70 (Ct. App. 1998) (citations omitted); *see also Armstrong v. Armstrong*, 544 P.2d 941, 946 (Cal. 1976) ("[P]rivity exists where the person involved is . . . so identified in interest with another that he represents the same legal right." (quotation marks omitted)).

Here, Defendant argues Bank of America is in privity with U.S. Bank and therefore claim preclusion applies with equal affect even though Bank of America was not a party to the prior state court proceedings. (U.S. Bank Opp'n 4.) Defendant cites *Gehron v. Trust*, No. EDCV 15-58-JGB (SPx), 2016 WL 1399522, at *8 (C.D. Cal. Apr. 7, 2016), *aff'd sub nom. Gehron v. Christiana Tr.*, 696 Fed. App'x 268 (9th Cir. 2017), for the proposition that the beneficiary of a deed of trust and the servicer of a loan share such a commonality of interest that res judicata applies to Bank of America, (U.S. Bank Opp'n 4). *Gehron* relies on Ninth Circuit precedent to reach its conclusion, which does not speak to California res judicata standards regarding privity. *See* 2016 WL 1399522, at *8 (citing *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). In addition, Defendant states its conclusion that there is privity without explaining why privity exists in the present case. Based on the record currently before the Court, the link between Bank of America and U.S. Bank is not sufficiently clear to find privity. Nor is it clear from the record that Bank of America and U.S. Bank stand in the same relationship as the parties in *Gehron*. Therefore, the Court declines to apply claim preclusion at this time.

### 2. *Whether Issue Preclusion Applies to Bar Suit Against Bank of America*

"[I]ssue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings*, 61 Cal. 4th at 824 (citations omitted). The issue raised by Plaintiffs is not, as Defendant contends, "whether the foreclosure was void." (U.S. Bank Opp'n 5.) The issue is whether Plaintiffs

validly rescinded their Note under TILA's provisions.

In November 2010, Plaintiffs filed a verified complaint in San Diego Superior Court against U.S. Bank and other defendants. (ECF No. 76-2, Ex. F., at 51.) They alleged causes of action for declaratory and injunctive relief to cancel the non-judicial foreclosure of the Property, "trespass on contract," deceptive business practices, wrongful conversion, slander of title, violation of Civil Code section 2923.5, "filing false documents," and intentional misrepresentation. (*See id.* at 69–86.) Plaintiffs alleged that the notice of default on their mortgage was void because the assignment/substitution of trustee was recorded after the notice of default's filing. Plaintiffs sought damages against the defendants as well as restoration of title and rescission of their mortgage. (*Id.* at 86.) Plaintiffs did not allege a TILA rescission claim.

Defendants demurred, which the trial court sustained without leave to amend and entered judgment in favor of the defendants. (*Id.* at 95, 97.) The trial court ruled that Plaintiffs' complaint failed as a matter of law because MERS had the authority under California law to substitute trustees. (*Id.* at 96.) Plaintiffs had signed the original deed of trust "that specifically stated MERS was the beneficiary of the deed of trust and therefore had authority to substitute the trustee and assign all interests in Plaintiffs' loan." (*Id.*) Therefore, Plaintiffs' rescission of the mortgage and restoration of title claims failed as a matter of law. (*See id.*)

Plaintiffs did not raise and the opinion in the First State Court Action did not address Plaintiffs' TILA rescission claim.[4] Furthermore, the subsequent state court judgments all relied on res judicata as the basis to dismiss Plaintiffs' complaints—no other opinion addressed the merits of the TILA rescission claim. Therefore, the Court finds that at this stage it cannot say that issue preclusion applies to bar suit against Bank of America.

/ / /

---

[4] This conclusion does not affect the Court's finding that claim preclusion bars suit against U.S. Bank because claim preclusion bars all claims that could have been brought.

### B. Proposed Causes of Action

Plaintiffs propose two new causes of action: malicious prosecution and intentional infliction of emotion distress. Both proposed claims allege that Defendant and Bank of America's prosecution of an unlawful detainer case against Plaintiffs in state court create an actionable claim in federal court. The Court examines each in turn.

#### 1. Malicious Prosecution

"[I]n order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.'" *Casa Herrera, Inc. v. Beydoun*, 83 P.3d 497, 500 (Cal. 2004) (citations omitted) (quoting *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989)). To determine whether there was a favorable termination, a court "look[s] at the judgment as a whole in the prior action." *Id.* (quoting *Sagonowsky v. More*, 64 Cal. App. 4th 122, 129 (Ct. App. 1998)). "It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits." *Id.* (quoting *Lackner v. LaCroix*, 25 Cal. 3d 747, 750 (1979)). "Rather, '[i]n order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." *Id.* (quoting *Pender v. Radin*, 23 Cal. App. 4th 1807, 1814 (Ct. App. 1994)).

At this stage, the Court does not find that a malicious prosecution claim would necessarily be futile under a res judicata theory. This is because the primary right vindicated by a malicious prosecution action is "the right to be free from defending against a lawsuit initiated with malice and without probable cause." *Hindin v. Rust*, 118 Cal. App. 4th 1247, 1258 (Ct. App. 2004). The primary right previously litigated is the right to title of the Property. These are potentially two different primary rights: one dealing with the right to title and the other dealing with the conduct of judicial proceedings. At this stage

when the Parties have not fully briefed the malicious prosecution issue, the Court cannot say a malicious prosecution cause of action would be futile. The Court emphasizes the narrowness of its conclusion: Plaintiffs' malicious prosecution claim may well be barred under res judicata or other applicable law, but at this stage the Court is mindful that it liberally grants leave to amend causes of action.

### 2. Intentional Infliction of Emotional Distress

"The elements of a cause of action for intentional infliction of emotional distress ["IIED"] are well settled. A plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 744–45 (Ct. App. 2002) (citing *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979)). "Whether treated as an element of the prima facie case or as a matter of defense, it must also appear that the defendants' conduct was unprivileged." *Id.* (quoting *Cervantez*, 24 Cal. 3d at 593).

Like the malicious prosecution claim, the Court finds that, at this stage, Plaintiffs' proposed cause of action is not futile. Plaintiffs' IIED claim appears to stem from Defendant's conduct by filing litigation and not the primary right relating to Plaintiffs' property. This may involve two distinct primary rights. The California Supreme Court has stated that even if the same set of facts are involved there may be two distinct harms resulting from those facts. *See Agarwal v. Johnson*, 25 Cal. 3d 932, 955 (1979) ("Although Agarwal's state court claims for defamation and intentional infliction of emotional distress arose in conjunction with the alleged violation of Title VII, the fact remains that in the present action he was awarded damages for harm distinct from employment discrimination."), *overruled on other grounds by White v. Ultramar, Inc.*, 21 Cal. 4th 563 (1999).

As before, the Court emphasizes the narrowness of its conclusion: at this point it is

not clear that Plaintiffs' claim are futile based on res judicata. The Court does not have the benefit of full briefing on the merits of either a malicious prosecution claim or an IIED claim. It is also not clear how Plaintiffs' will amend their complaint given the Court's conclusion that their SAC is barred by claim preclusion. Therefore, the Court **GRANTS** Plaintiffs' Motion to Amend. The Court entertains serious doubts concerning Plaintiffs' ability to cure the deficiencies outlined above, especially given that Plaintiffs have argued various legal theories associated with the same set of facts in three state court actions and in a different, but related, case before this Court.[5] *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (stating that a district court may deny leave to amend due to a litigant's "repeated failure to cure deficiencies by amendments previously allowed"). However, given the fact that Plaintiffs are proceeding pro se and this is the first instance that the merits of their case have been heard the Court will allow Plaintiffs the opportunity to amend.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's MTD, (ECF No. 41), and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' SAC, (ECF No. 40). Additionally, the Court **GRANTS** Plaintiffs' Motion to Amend, (ECF No. 46). Plaintiffs **SHALL FILE** an amended complaint, if any, on or before thirty (30) days from the date on which this Order is electronically docketed. *Failure to file an amended complaint within the time allotted may result in a dismissal of Plaintiffs' case with prejudice.*

**IT IS SO ORDERED.**

Dated: February 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[5] The case is *Lucore et al. v. Zeff et al.*, No. 15-CV-910 JLS (MDD).