UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN H. LUCORE, SR., JUDY L. LUCORE,<br><br>Plaintiffs,<br><br>v.<br><br>US BANK, NA, as Trustee for the Certificate Holders of Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H, and DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 15-CV-2246 JLS (MDD)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 60) |

Presently before the Court is Plaintiffs Steven H. Lucore and Judy L. Lucore's *Ex Parte* Motion for Temporary Restraining Order ("TRO") and/or Preliminary Injunction, ("TRO MTN," ECF No. 60). Defendant U.S. Bank, NA filed a Response in Opposition to, ("Opp'n," ECF No. 63), and Plaintiffs filed a Reply in Support of, ("Reply," ECF No. 65), Plaintiffs' Motion. After considering the parties' arguments and the law, the Court **DENIES** Plaintiffs' Motion.

## LEGAL STANDARD

A temporary restraining order is an extraordinary and temporary injunction that a

court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a TRO is to preserve the status quo pending a full hearing on the merits. *See* Fed. R. Civ. P. 65. The same standard governs TROs and preliminary injunctions. *Stuhlbard Int'l Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Sierra Forest Legacy v. Rey*, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010).

In the Ninth Circuit, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted) (concluding that this "sliding scale" approach survives after the Supreme Court's decision in *Winter*). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 20. To warrant injunctive relief, irreparable injury must be more than merely possible. *See Midgett v. Tri-Cty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001). Rather, the plaintiff must show "that he faces a real or immediate threat" that he will suffer irreparable harm. *Id.* Plaintiffs seeking a preliminary injunction carry a particularly "heavy burden" of proving their entitlement to it. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010); *see also Munaf*, 553 U.S. at 689 ("A preliminary injunction is an 'extraordinary and drastic remedy.'").

///

# ANALYSIS

Plaintiffs filed their *ex parte* Motion for TRO and/or Preliminary Injunction on May 2, 2018. In the Requested Relief section, Plaintiffs request the Court to enjoin Defendants U.S. Bank and Bank of America from advancing any collection or attempts to take possession of Plaintiffs' real property. (TRO MTN 9.)[1] In support of their TRO application, Plaintiffs assert that new facts have come to light supporting a violation of the California Rosenthal Act and California Civil Code § 1788 *et seq.* (*Id.* at 2.) Plaintiffs detail a long factual and procedural history between them and Defendants beginning as early as April 2009. (*See id.* ¶¶ 1–6.) The parties have been engaged in contentious litigation including the present action, a bankruptcy action, (*id.* ¶ 7), and three state court unlawful detainer actions, (*id.* ¶¶ 11–12), the third of which Plaintiffs removed to this Court, (*id.* ¶ 12).

Defendant U.S. Bank filed a response and generally advances two arguments. First, Defendant argues that Plaintiffs failed to follow Civil Local Rule 83.3(g), which requires a party requesting an ex parte TRO to show by affidavit that it provided notice of the date and time of hearing or show why the moving party was unable to do so. (Opp'n 4.) Plaintiffs have failed to comply with the Local Rules. Second, Defendant contends that Plaintiffs fail to identify any irreparable injury, other than the pending unlawful detainer action, warranting TRO relief. (*Id.* at 4–6.)

In response, Plaintiffs argue that U.S. Bank was the party who submitted the Opposition brief, but it was Bank of America who "has taken all the action against []our property." (Reply 6.) Further, Bank of America has not opposed Plaintiffs' TRO motion and Plaintiffs appear to suggest that this fact supports granting injunctive relief. (*See id.* at 6–7.) Plaintiffs also contend that Defendant U.S. Bank has failed to address the pertinent facts that Plaintiffs raise in their TRO motion. (*Id.* at 6.)

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

The Court begins with the *Winter* factors. 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Plaintiffs fail to discuss the relevant *Winter* factors in support of their TRO motion. Plaintiffs mention the factors in their Reply, but rather than applying *Winter* to their case Plaintiffs simply conclude that the factors are met. (Reply 8.) First, Plaintiffs do not explain how they have a substantial likelihood that they will prevail on the merits. In their motion, Plaintiffs discuss "new and different facts" they have recently uncovered. (TRO MTN 1.) These facts arise from alleged fraud in connection with the notary public who notarized the "Trustees Deed Upon Sale." (TRO MTN ¶ 13.) Yet, Plaintiffs do not explain how the alleged forgery creates a substantial likelihood that they will prevail on the merits of a Rosenthal Fair Debt Collection Practices Act claim.

Even assuming the new facts to be true and assuming the new facts established a claim, Plaintiffs face an additional hurdle in showing a likelihood of success on the merits. On February 26, 2018, this Court dismissed Plaintiffs' Second Amended Complaint because Plaintiffs' Rosenthal Fair Debt Collection Practices Act and declaratory relief claims were barred by claim preclusion. (ECF No. 56, at 15.) The Court dismissed Plaintiffs' claims without prejudice to allow them the opportunity to amend their operative complaint and cure the deficiencies outlined by the Court.[2] Plaintiffs make no attempt to explain how they are likely to succeed on the merits given the Court's claim preclusion finding.

Second, Plaintiffs do not explain how they are likely to suffer a "real or immediate threat" of irreparable harm. *Midgett*, 254 F.3d at 850. A TRO applicant must demonstrate that in the absence of a TRO "the applicant is likely to suffer irreparable harm before a

---

[2] Plaintiffs' Third Amended Complaint and Defendants' Motion to Dismiss are currently pending before the Court. (*See* ECF Nos. 57, 58.)

decision on the merits can be rendered." *Winter*, 555 U.S. at 22 (quoting 11A Wright & Miller, *Federal Practice and Procedure* § 2948.1, at 139 (2d ed. 1995)). Plaintiffs' TRO motion reveals that Defendants seek to enforce their rights against Plaintiffs through a state court unlawful detainer action. (TRO MTN ¶¶ 11–12.) Plaintiffs previously filed a TRO motion seeking to enjoin Defendants from prosecuting the unlawful detainer actions, which this Court denied pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283. (ECF No. 51.) Other than the unlawful detainer action, Plaintiffs do not demonstrate any current action, activity, or threat made by Defendants against Plaintiffs that will likely cause irreparable harm. Even if the Court were to accept as true every single fact outlined in Plaintiffs' TRO motion, those facts detail past abuses for which the appropriate relief lies in a decision on the merits, not a TRO. Thus, Plaintiffs have not identified an irreparable harm necessitating a TRO.

Third, Plaintiffs do not address how the balance of equities tip in their favor or how an injunction is in the public interest. A TRO is an "extraordinary remedy." *Winter*, 555 U.S. at 20. On balance, the Court finds that the *Winter* factors do not favor a grant of injunctive relief.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' *Ex Parte* Motion for TRO and/or Preliminary Injunction, (ECF No. 60).

**IT IS SO ORDERED.**

Dated: May 14, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge