UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN H. LUCORE, SR.; and JUDY L. LUCORE,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK, N.A., as Trustee for the Certificate Holders of Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H; and BANK OF AMERICA, N.A.<br><br>Defendants. | Case No.: 15-CV-2246 JLS (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 58) |

Presently before the Court is Defendants Bank of America, N.A. and U.S. Bank N.A.'s Motion to Dismiss Plaintiffs' Third Amended Complaint ("MTD," ECF No. 58). Plaintiffs Steven H. Lucore and Judy L. Lucore filed a Response in Opposition to the Motion to Dismiss ("MTD Opp'n," ECF No. 63). Defendant did not file a reply. Also before the Court is Defendants' Request for Judicial Notice ("RJN," ECF No. 58-2) and Plaintiffs' Objections to Defendants' RJN ("RJN Opp'n," ECF No. 61).

Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' Motion.

///

## BACKGROUND

On or around January 6, 2009, Plaintiffs allegedly rescinded a mortgage loan encumbering real property located at 11132 Summit Avenue, Santee, CA 92071 (the "Property"). Third Amended Complaint ("TAC") ¶ 8, ECF No. 57. U.S. Bank foreclosed the Property on August 18, 2011, *id.* ¶ 12, leading to a host of lawsuits in state court filed by Plaintiffs challenging the validity of the deed of trust and the foreclosure. MTD at 7. After the foreclosure, U.S. Bank pursued three eviction proceedings in state court against Plaintiffs in February 2013, *id.* ¶ 13, and in April and June 2015, *id.* ¶¶ 14–15. U.S. Bank has threatened to sell the Property since August 21, 2015. *Id.* ¶ 16.

On October 8, 2015, Plaintiffs filed their original complaint in this action alleging two causes of action for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and violation of California's Unfair Competition Law ("UCL") § 17200. ECF No. 1. On October 26, 2015, Plaintiffs filed an amended complaint alleging the same causes of action as their original complaint. ECF No. 7. U.S. Bank filed a motion to dismiss or, alternatively, to stay the proceedings pending the outcome of related state court litigation. ECF No. 9. After this action was transferred from Judge Roger T. Benitez to this Court pursuant to the low number rule, ECF No. 15, the Court stayed the proceedings pending the outcome of the state court litigation, ECF No. 24. The Court lifted the stay on August 14, 2017. ECF No. 39. Plaintiffs' then filed their Second Amended Complaint ("SAC"), ECF No. 40, which U.S. Bank subsequently moved to dismiss, ECF No. 41. The Court dismissed without prejudice Plaintiffs' SAC and granted them leave to file a third amended complaint. ECF No. 56. Plaintiffs filed their TAC on March 13, 2018, adding Bank of America, N.A. ("BANA") as a named Plaintiff and alleging a fourth cause of action for malicious prosecution. Defendants then filed the present motion.

## LEGAL STANDARDS

### I. Request for Judicial Notice

Under Federal Rule of Evidence 201, the court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicially noticed facts often consist of matters of public record," *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citations omitted), including prior orders or decisions, but it should not take notice of "the truth of the facts cited therein." *Marsh v. Cnty. of San Diego*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006). In addition, a court also may take judicial notice of material incorporated by reference into the complaint. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Documents are incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement*, 593 F.3d at 1038.

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

*Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).  This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

### I. Request for Judicial Notice

Defendants request the Court take judicial notice of various state court documents in actions associated with the Property and a Trustee Deed Upon Sale of the Property. *See* RJN at 2.  Plaintiffs oppose the Defendants' RJN on the grounds that Defendants failed to provide sufficient information about the records to the Court, RJN Opp'n at 3, the documents constitute impermissible hearsay evidence, *id.* at 4–5, and the documents lack relevance, *id.* at 5–8.

In ruling on U.S. Bank's previous motion to dismiss Plaintiffs' SAC, the Court took judicial notice of the related state court documents that are the object in the current request. See ECF No. 56 at 4–5.  As the Court stated in its prior Order, "[a] court may take judicial notice of its own files and of documents filed in other courts for the purpose of determining

4

15-CV-2246 JLS (MDD)

whether a party's claims are barred by res judicata." *Id.* (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Plaintiffs' arguments are not persuasive and do not convince the Court that its previous ruling should change. Here, as with the prior motion, the Court must consider the prior orders to determine whether res judicata bars Plaintiffs' claims and, therefore, the state court documents are appropriate for judicial notice.

As for the Trustee Deed Upon Sale, this is also a public record that is appropriate for judicial notice. Additionally, the Court may take judicial notice of material incorporated by reference into the complaint. *Coto Settlement*, 593 F.3d at 1038. Plaintiff incorporated the deed for the Property into the complaint and the deed constitutes "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** Defendants' Request for Judicial Notice, ECF No. 58-2.

## II. Motion to Dismiss

Plaintiffs bring four causes of action in their TAC against US Bank and BANA.[1] Plaintiffs' first three causes of action are the same claims Plaintiffs raised in their SAC: (1) Violation of Rosenthal Act, TAC ¶¶ 20–23; (2) Violation of the UCL, TAC ¶¶ 24–29; and (3) Declaratory Relief, TAC ¶¶ 30–38. As in its previous motion to dismiss, U.S. Bank argues that the first three causes of action against it are barred by res judicata, MTD at 9–12, and that Plaintiffs fail to state a claim under Rule 12(b)(6). *Id.* at 12–16. Defendants also contend that res judicata bars the first three causes of action against BANA because BANA is in privity with U.S. Bank. *Id.* at 11–12.

Plaintiffs raise a fourth cause of action in their TAC for malicious prosecution against both Defendants. TAC ¶¶ 39–44. Defendants request dismissal of this fourth cause

---

[1] In their Opposition, Plaintiffs state that the Complaint also includes a claim for intentional infliction of emotional distress. MTD Opp'n at 24. The Plaintiffs cite to paragraphs 45 through 49 in the Complaint; however, those paragraphs are not present on the docket. *See* TAC at 12–13. It seems as though Plaintiffs have failed to include that page in their filing. *Id.* Because that claim is not in the record as it stands, the Court will address only the claims in front of it.

of action because the statute of limitations has run and because Plaintiffs' TAC fails to state a claim. MTD at 16–19.

The Court will first determine whether res judicata applies to the first three causes of action against U.S. Bank, then determine whether BANA is in privity with U.S. Bank, and finally address Plaintiffs' malicious prosecution claims as it relates to both Defendants.

### A. Res Judicata

The doctrine of res judicata gives conclusive effect to former judgments in subsequent litigation involving the same controversy. *People v. Barragan*, 32 Cal. 4th 236, 252 (2004). Res judicata has two aspects: claim preclusion and issue preclusion. Relevant here is "[c]laim preclusion . . . [which] acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824, (2015) (internal quotation marks omitted) (quoting *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010)). In deciding whether a state court judgment has preclusive effect, "federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel." *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994).

In California, the party seeking preclusion must show that the present and former controversies involve "(1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits in the first suit." *DKN Holdings*, 61 Cal. 4th at 824. Claim preclusion "will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Castle v. Mortgage Elec. Registration Sys., Inc.*, No. CV 11–00538, 2011 WL 3626560, at *4 (C.D. Cal. Aug. 16, 2011).

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the primary rights theory.'" *Boeken*, 48 Cal. 4th at 805 (quoting *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975)). A "cause of action" under this theory "refers to 'the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced.'" *Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106,

1111 (9th Cir. 2018) (quoting *Boeken*, 48 Cal. 4th at 798). "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Boeken*, 48 Cal. 4th at 798. "Hence a judgment . . . is a bar to a subsequent action . . . based on the same injury to the same right, even though [the plaintiff] presents a different legal ground for relief." *Slater*, 15 Cal. 3d at 795 (emphasis omitted).

### 1. Primary Right

In its previous Order dismissing Plaintiffs' SAC, the Court examined the primary rights previously litigated in three State Court foreclosure actions brought by Plaintiffs. ECF No. 56 at 7–9. After thoroughly examining the State Court orders and complaints noticed, the Court found that Plaintiffs' primary right in the State Court actions was "recovery for the loss of title to their home resulting from the August 2011 nonjudicial foreclosure sale." *Id.* at 12 (citing *Lucore v. U.S. Bank, N.A.*, 2017 WL 694530, at *4). With regard to the unlawful detainer actions, the Court concluded that "[t]he only legal basis that U.S. Bank could (and did) assert [as] its right to possession of the Property was its 'duly perfected' legal title obtained in the nonjudicial foreclosure sale," making Plaintiffs loss of title a primary right at issue in the unlawful detainer actions. *Id.* (citing Cal. Civ. Code § 2924; *Malkoski v. Option One Mortg. Corp.*, 188 Cal. App. 4th 968, 974 (2010)).

Evaluating Plaintiffs first cause of action for violation of the Rosenthal Act, the Court found that that claim rested on the same primary right as the state court actions. *Id.* To determine the outcome of that claim, the Court concluded that "[t]he right to title had to be resolved in the unlawful detainer action," and thus the right to title was the primary right. *Id.* (citing *Malkoski*, 188 Cal. App. 4th at 974.

The Court also found that "Plaintiffs' third cause of action for declaratory relief [] relie[d] on the same primary right as the [state court actions]." *Id.* Plaintiffs sought a declaratory judgment "that they validly rescinded their Note and Deed of Trust and that no party could enforce the Note." *Id.* (citing SAC ¶¶ 30–32). The Court found that to be "the

///

same primary right at issue in the prior litigation: the right to recover their loss of title to their Property from the August 2011 non-judicial sale." *Id.*

Here, Plaintiffs allegations in their TAC and the legal arguments raised in their Opposition have not changed since the Court's prior Order. Plaintiffs have not raised any legal arguments or brought forward any facts that would sway the Court to change its previous ruling. Plaintiffs state that they "seek relief from a different injury" in this action that is the separate and apart from their alleged injury suffered from the previously litigated foreclosure sale. MTD Opp'n at 11. But Plaintiffs fail to differentiate meaningfully those injuries with anything more than conclusory statements. Plaintiffs also fail to address the Court's prior ruling that found the primary rights to be the same. The Court therefore finds that the underlying primary rights at issue in the present case are the same as those previously litigated in state court.

### 2. *Identity of Parties*

The second element requires that the prior suit be between the same parties or parties in privity with them. *DKN Holdings*, 61 Cal. 4th at 824. Here, both U.S. Bank and the Lucores were parties to all previous actions as well as the current litigation. Therefore, they are the same parties.

### 3. *Final Judgment on the Merits*

The third element requires a final judgment on the merits. *Id.* Plaintiffs do not dispute this element. *See generally* MTD Opp'n. As in its prior Order, the Court finds that the state court actions at issue constituted final judgments on the merits.

Having found that the elements of claim preclusion are met as to the first and third causes of action, the Court concludes that claim preclusion bars Plaintiffs from relitigating those claims in this action.

### 4. *Effect of Claim Preclusion on UCL Cause of Action*

Plaintiffs' UCL cause of action expressly relies on a violation of the Rosenthal Act, TAC ¶ 24, and does not allege an alternate ground for relief. Because claim preclusion bars relitigation of the Rosenthal Act claim, it must also bar Plaintiffs' UCL claim.

8

### B. Privity

The Court previously found that, "[b]ased on the record [] before the Court, the link between Bank of America and U.S. Bank [was] not sufficiently clear to find privity" and, therefore, the Court "decline[d] to apply claim preclusion at th[at] time." ECF No. 56 at 20. In the present Motion, Defendants again raise the argument that BANA is in privity with U.S. Bank and, thus, claim preclusion applies to the claims against BANA as well.

In California, courts have embraced a broad and "practical concept of privity." *Castillo v. Glenair, Inc.*, 23 Cal. App. 5th 262, 276–77 (2018). "Privity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit." *DKN Holdings*, 61 Cal. 4th at 826 (quoting *Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865, 875 (1978)). "When a defendant's liability is entirely derivative from that of a party in an earlier action, claim preclusion bars the second action because the second defendant stands in privity with the earlier one." *Id.* at 827–28.

Defendants argue that Plaintiffs' allegations amount to a principle-agent relationship that constitutes privity. MTD at 12. In the TAC, Plaintiffs allege that U.S. Bank acted in concert with and was directed by BANA when it filed the unlawful detainer actions. TAC ¶¶ 13–15. Nowhere in the TAC do Plaintiffs allege that BANA directly harmed Plaintiffs, MTD at 12; *see generally* TAC, and Plaintiffs do not oppose that BANA is in privity with U.S. Bank. *See generally* MTD Opp'n. Based on Plaintiffs' allegations, which the Court must construe as true on a motion to dismiss, the Court finds that any liability found as to BANA is derivative of U.S. Bank's actions. Thus, BANA and U.S. Bank's separate interests are "so closely align[ed]" that, for claim preclusion purposes, they "are treated as identical parties." *DKN Holdings*, 61 Cal. 4th at 828. Accordingly, claim preclusion bars the first three causes of action against BANA.

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Plaintiffs' TAC relating to the first three causes of action against U.S. Bank and BANA.

///

9

15-CV-2246 JLS (MDD)

### C.  *Malicious Prosecution*

"[T]o establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.'" *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 341 (2004) (citations omitted) (quoting *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989)).

Defendants argue that Plaintiffs fail sufficiently to allege that they filed the second and third unlawful detainer actions without probable cause or that Defendants initiated the claims with malice.  The Court agrees.  Regarding probable cause, U.S. Bank filed the unlawful detainers on the presumption that there was a valid foreclosure, which was objectively reasonable based on the presumption of validity of the foreclosure sale and the two state court judgments upholding the validity of the foreclosure sales.  *See* MTD at 18. Further, the Court does not read the state court opinions dismissing the unlawful detainer actions as completely barring Defendants' claims, as Plaintiffs suggest.  Instead, the Court agrees that Defendants had failed to prove just one aspect required to show unlawful detainer, which they attempted to remedy with each successive filing.

As for malice, Plaintiffs TAC lacks any detail sufficient to raise a plausible claim that Defendants filed the actions for an improper purpose.  The mere fact that U.S. Bank "sought to obtain a more favorable decision" does not rise to the level of malice.  *See* MTD Opp'n at 22.  The only purpose clear from the face of the Complaint is that U.S. Bank sought to "take possession of the Property it purchased at foreclosure."  MTD at 19. Seeking that outcome is objectively reasonable and for a proper purpose.  Thus, Plaintiffs' cause of action for malicious prosecution fails.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Plaintiffs' TAC relating to Plaintiffs' fourth cause of actions against U.S. Bank and BANA.

///

///

### III. Leave to Amend

Plaintiffs request leave to amend if the Court grants the Motion. When determining whether to grant leave to amend, Federal Rule of Civil Procedure 15(a)(2) instructs Courts to "freely give leave when justice so requires." Leave to amend may be denied, however, at the District Court's discretion if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is a strong showing that amendment would be futile because of Plaintiffs' repeated failures to cure known deficiencies. Plaintiffs have had three opportunities to re-plead their causes of action with sufficient factual allegations to state a claim for relief. Although Plaintiffs added additional claims since filing their original complaint, those claims share the same factual predicate and rely on the same underlying factual requirements. Defendants have filed multiple motions to dismiss which outline the deficiencies in the Complaint. The Order dismissing Plaintiffs' SAC focused on the procedural hurdles and lack of factual detail necessary to state a sufficient claim and yet Plaintiff complaint failed, giving the Court reason to believe that amendment would be futile. Therefore, the Court will **DENY** leave to amend.

### CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's MTD, (ECF No. 58), and **DISMISSES** Plaintiffs' TAC. Leave to amend is **DENIED**. This Order ends the litigation in this matter. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: March 11, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge